UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TYRONE DORN,
    Plaintiff,

vs.                                        03-1034

KEVIN KELLER, et.al.,
    Defendants.

## ORDER

This cause is before the court for case management and consideration of the proposed pretrial order. The plaintiff was represented by Attorney James Chapman. The defendants were represented by Assistant Attorney General Chris Higgerson. Both attorneys participated by video conference.

The plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at Pontiac Correctional Center by Correctional Officer Kevin Keller, Lieutenant Dale Scrogum and Medical Technician Susan Hankins. The plaintiff's surviving claims allege that:

    1) Defendant Keller used excessive force against the plaintiff in violation of the Eighth Amendment on April 1, 2001;
    2) Defendants Keller, Scrogum and Hankins were deliberately indifferent to the plaintiff's serious medical condition in violation of the Eighth Amendment on April 1, 2001; and,
    3) Defendant Keller violated state law when he committed the intentional tort of assault and battery on April 1, 2001.

The claims are against the defendants in their individual capacities only.

### MOTION TO STAY THE PROCEEDINGS.

The defendants have filed their third motion to stay the proceedings due to Defendant Keller's military service. This time the defendants have filed their motion pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. §522. [d/e 54] The statute states that a defendant in the military service may move to stay an action for a period of not less than 90 days. However, the statute requires that an application for such a stay must include:

    **(A)** A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
    **(B)** A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents

appearance and that military leave is not authorized for the servicemember at the time of the letter. 50 App. U.S.C. §522 (b)(2).

The defendants' motion does not contain the appropriate documentation and is therefore denied.   The trial remains as set for March 5, 2007.

## DELAY IN MEDICAL CARE

On November 21, 2006, the court granted summary judgement in part and denied it in part for the defendants. *See* November 21, 2006 Court Order.   The court also asked the parties to provide additional briefing on the plaintiff's claim that the defendants were deliberately indifferent to his serious medical condition.   The plaintiff alleges he was seriously injured by Officer Keller on April 1, 2001, but did not receive medical care for approximately ten hours. The court asked the parties to provide more information concerning whether that delay impacted the plaintiff's medical condition.

The parties disagree about the extent of the plaintiff's injury.  The plaintiff says his hand was ripped open and bleeding profusely.   The defendants maintain it was a superficial wound. Both parties point to the medical record, but neither has provided an affidavit from a doctor interpreting those records.

In addition, the plaintiff points to the case of *Cooper v Casey,* 97 F.3d 914 (7th Cir. 1996) for the argument that the deliberate indifference standard applied by the court should be different when the injury was the result of an attack by a prison guard.  The Seventh Circuit in this case stated that the "[w]hen guards use excessive force on prisoners, the requirements for providing deliberate indifference to the medical needs of the beaten prisoners ought to be relaxed somewhat. Beating a person in violation of the Constitution should impose on the assailant a duty of prompt attention to any medical need to which the beating might give rise...." *Cooper,* 97 F.3d at  917. The court's ruling on the summary judgement motion will stand,  and this issue will proceed to trial.

## PRETRIAL ORDER

The parties are in agreement with the proposed pretrial order submitted to the court.  The plaintiff will appear in person for the March 5, 2007 jury trial.   The parties are to provide the exact names of all witness and the specific locations of any witnesses that will appear by video conference to the clerk of the court on or before February 23, 2007.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion to stay the proceeding pursuant to the Service members Civil Relief Act, 50 App. U.S.C. §522**, **is denied. [d/e 54]**

**2) The court has reviewed the parties additional briefing, but will not revise its November 21, 2006 Court Order on the summary judgement motion.  This case will**

**proceed on the three surviving claims identified in this order.**

**3) This case remains as set for jury trial on March 5, 2007 in Urbana, Illinois. The clerk is to issue a writ for the plaintiff's appearance at trial.**

**4) The parties are to provide the exact names of all witnesses and the specific locations of any witnesses that will appear by video conference to the clerk of the court on or before February 23, 2007.**

**Entered this 20th day of February, 2007.**

s\Harold A. Baker
_____
HAROLD A. BAKER
U.S. DISTRICT JUDGE