UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TYRONE DORN,
     Plaintiff,

     vs.                                   03-1034

KEVIN KELLER, et al,
     Defendants.

MEMORANDUM OPINION AND FINAL ORDER


     This case was tried by the court sitting with a jury on March 5 and 6, 2007.   The plaintiff, Tyrone Dorn, an inmate of the Illinois Department of Corrections (IDOC), appeared personally for trial and was represented by counsel James Chapman.

     The named defendants, with the exception of Kevin Keller  appeared personally accompanied by their counsel, Chris Higgerson and Lindsay Sweet, Illinois Assistant Attorneys General.  Defendant Keller appeared by video tape deposition.   Defendant Keller was serving in the United States Military at the time of the trial.

     The plaintiff had the following surviving claims at trial:

     1)  Defendant Correctional Officer Kevin Keller used excessive force against him in violation of the Eighth Amendment on April 1, 2001.

     2) Defendants Correctional Officer Kevin Keller, Lieutenant Dale Scrogum and Medical Technician Sue Hankins were deliberately indifferent to his serious medical needs on April 1, 2001 in violation of his Eighth Amendment rights.

     3) Defendant Correctional Officer Kevin Keller violated state law when he committed the intentional tort of assault and battery.

     At the close of the plaintiff's evidence on each issue, the defendants moved for judgment as a matter of law and the court took the motion under advisement.  On March 6, 2007, the defendants supplemented their motion for judgement as a matter of law with respect to the plaintiff's state law claims.

     The court submitted the two claims pursuant to 42 U.S.C. §1983 to the jury.   In an effort to avoid confusion, the state law claim of assault and battery was not submitted as a separate jury

1

instruction.  Instead, the court submitted a special interrogatory asking whether the jury found that Defendant Keller struck the plaintiff on April 1, 2001.

The jury returned a verdict in favor of the defendants and against the plaintiff finding that Defendant Keller had not used excessive force on April 1, 2001 and none of the defendants were deliberately indifferent to the plaintiff's serious medical condition.   The jury also answered a special interrogatory indicating that Defendant Keller did not strike the plaintiff on April 1, 2001.
Judgement was entered for the defendants on the two claims pursuant to 42 U.S.C. §1983.

The defendants have now renewed their motion for judgement as a matter of law on the plaintiff's state law claim of assault and battery against Defendant Keller. [d/e 79].  The motion is granted based on the jury verdict and special interrogatory answer.   The jury did not believe that the evidence showed that Defendant Keller assault the plaintiff.

Accordingly, it is ordered that the clerk enter judgment in favor of Defendant Kevin Keller on the sole surviving state law claim alleging assault and battery.

Enter this 25th Day of June, 2007.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge

2